Chief Justice.
The principle upon which consolidation is ordered is, that the same question is to arise in all the actions. The object of consolidation is laudable. It is to save costs; and if we can secure to the parties all their rights, and at the same time prevent unnecessary costs, it is desirable. The doctrine on this subject in the English books is somewhat incongruous. There is. a case in 2 Strange 1149, Smith v. Crabb, where the court refused to consolidate several declarations in ejectment, although it was suggested that the title was the same in all, assigning as a reason for refusal that the lessor might have sued the defendants at different times, and it would be obliging him to go on against all, when perhaps he might be ready in some of them only. But in the case of Grimstone v. Burgers and others, Barnes’ -Notes 176, the Court of Common Pleas ordered sixteen ejectments to be consolidated into one. And in the case of Doe ex dem. Pultney and others v. Freeman and others, on a rule to shew cause why the proceedings in thirty-seven actions of ejectment, brought against the occupiers of so many houses in Sackville street, should not be stayed, and abide the event of a special verdict, Lord Kenyon said it was a scandalous proceeding; that all the causes depended on the same title and ought to be tried by the same record; and ordered the rule to be made absolute, 2 Sell. Frac. 229; 2 Arch. Frac. 180. All these cases assert the power of the court to consolidate in actions of ejectment. Our practice act, Rev. Laws 421, sec. 58, gives a general power to consolidate unnecessary actions. The authority of the court extends to ejectment as well as other actions, but in its exercise in the former more difficulty exists and greater caution is required; for though the title of the lessor be. the same, yet where the defendants are different, they may have different defences. And if the actions are consolidated and the plaintiff recover, and afterwards obtain judgment for the mesne profits, one of the defendants, if another be unable, will be compelled *420 to pay the whole. Notwithstanding, however, these difficulties, the court have the power and ought in a proper case to consolidate. We think this is such a case and shall, therefore, make the order, imposing on the defendants proper terms. There are two modes in which this purpose is effected; the one where the actions are actually consoli*338] dated, and the other which may be '^called a quasi consolidation, where one action is tried and the rest are ordered to abide its event.
Let these actions be consolidated.
The following is the rule which was entered in the above cases and sanctioned by the court: “
Upon application in behalf of David 0. Wood and said persons above named, as tenants in possession, the court having heard the affidavit of said David 0. Wood, and having also heard the arguments of counsel, do order that the several actions of ejectment against Richard Fen', in which the above defendants, excepting said David 0. Wood, were respectively notified as tenants in possession, be consolidated into one action in the manner above stated, and that the said David 0. Wood, the landlord of said defendants, be admitted defendant in such cause with said tenants, upon these terms, viz: That the same defences on the trial of said cause be set up by all the defendants, and not diverse and separate defences by the several defendants respectively —that the said defendants admit themselves to be in possession of the premises in question, and that no objection shall be taken on the ground that the defendants are not jointly possessed of the premises in question. On motion in behalf of James D. Westcott, Jun., attorney for the said defendants.